UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE T. CHAPMAN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>NEVADA DEPARTMENT OF TRANSPORTATION,<br><br>　　　　　　　Defendant. | Case No. 3:25-CV-00061-ART-CLB<br><br>ORDER ON REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE<br>(ECF NO. 4) |

Plaintiff Stephanie Chapman brings this action against her former employer, the Nevada Department of Transportation ("NDOT") for employment discrimination under the Americans with Disabilities Act ("ADA"). Before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1), and her *pro se* civil rights complaint (ECF No. 1-1). Magistrate Judge Baldwin issued a Report and Recommendation ("R&R") recommending that Plaintiff's IFP application be granted and that Plaintiff's complaint be dismissed with leave to amend. (ECF No. 4.) Neither party objected to the R&R, and the time to do so has now expired. For the reasons stated below, the Court adopts Judge Baldwin's R&R in part. The Court also addresses Plaintiff's motion for an extension of time. (ECF No. 5.)

**I.　　Review of Report and Recommendation**

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any

review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Because neither party filed an objection Judge Baldwin's R&R, the Court is not required to conduct any review.

Nonetheless, upon review of Plaintiff's complaint, the Court agrees with Judge Baldwin's determination that Plaintiff's complaint fails to state a claim under the ADA under failure to accommodate and disparate treatment theories. However, the Court finds that Plaintiff has stated a claim for retaliation under the ADA.

**A. Failure to Accommodate**

Judge Baldwin's R&R recommended dismissal of Plaintiff's complaint because she failed to state a claim for failure to accommodate her disability. As Judge Baldwin's R&R stated, to state a claim for failure to accommodate under the ADA, a plaintiff must allege (1) she is disabled; (2) she is qualified; (3) she requested accommodation; (4) the employer knew of the requested accommodation; and (5) the employer failed to reasonably accommodate plaintiff's disability. *Sanders v. Arneson*, 91 F.3d 1351, 1353 (9th Cir. 1996). The Court agrees with Judge Baldwin that, if proceeding under this theory, Plaintiff failed to state a claim because she did not state what her requested accommodation was or how her employer failed to reasonably accommodate her. (*See* ECF No. 1-1). The Court will grant Plaintiff leave to amend her complaint, if she wishes, to address this deficiency.

**B. Disparate Treatment**

A plaintiff may also state a claim under the ADA under a disparate treatment theory. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003) ("Both disparate-treatment and disparate-impact claims are cognizable under the ADA."). On review of the complaint, it appears that Plaintiff may be alleging, instead of or in addition to a failure to accommodate claim, a disparate treatment claim. To successfully plead a disparate treatment claim under the ADA, a

plaintiff must plead facts to allege that they are (1) disabled within the meaning of the ADA, (2) are qualified to perform the essential functions of the job either with or without reasonable accommodation, and (3) suffered an adverse employment decision. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 271 (9th Cir. 1996); *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Under this theory, Plaintiff's complaint also fails to state a claim. While Plaintiff says that she suffered many acts of discrimination, including that her supervisors asking for proof of doctors' visits and medications and applied sanctions to her but not others in the same position, she does not sufficiently allege that she is disabled under the meaning of the ADA. Plaintiff states only that she is disabled but does not allege what her disability is. To sufficiently allege that she is disabled within the meaning of the ADA, Plaintiff must specify what the disability is that she suffers from. *Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) ("[W]here, as here, a party alleges that he or she is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity."). "A successful plaintiff will usually allege that he or she suffered from a specific, recognized mental or physical illness." *Id.* The Court will also grant Plaintiff leave to amend her complaint, if she wishes, to address this deficiency.

**C. Retaliation**

To plead a claim for retaliation under the ADA, an employee must allege facts showing that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1186-87 (9th Cir. 2003). Here, Plaintiff alleges that she complained about disability discrimination to her manager and was fired the next day. This is sufficient to allege retaliation under the ADA. Plaintiff has alleged that she engaged in protected activity. *US E.E.O.C. v. Placer ARC*, 114 F. Supp. 3d 1048, 1060 (E.D. Cal. 2015) (internal complaint of

discrimination is protected activity). She has alleged that she suffered an adverse employment action in being terminated. And she has alleged causation. *See Bell v. Clackamas Cnty.*, 341 F.3d 858 (9th Cir. 2003) (temporal proximity between protected activity and adverse employment action sufficient circumstantial evidence of retaliation).

The Court therefore adopts Judge Baldwin's R&R in part. Plaintiff has stated a retaliation claim under the ADA. If Plaintiff wishes to bring ADA claims under a failure to accommodate or disparate treatment theory, she has failed to state a claim. The Court dismisses these two claims with leave to amend to cure the deficiencies described in Judge Baldwin's R&R as well as in this order. In amending her complaint, Plaintiff should state specific facts for each element of the claim she wishes to make.

## II. Motion for Extension of Time

While Plaintiff did not file any objections to the R&R and the time to do so has passed, Plaintiff did file a motion for extension of time. (ECF No. 5.) It is not clear whether Plaintiff is requesting an extension of time to object to the R&R, or an extension of time to file an amended complaint. Plaintiff requests an additional 60 days to see if she can retain counsel and obtain records from NDOT.

The Court denies Plaintiffs motion to the extent she seeks an extension of time to object to the R&R. However, good cause appearing, the Court grants Plaintiff's motion to the extent that she seeks an extension of time to file an amended complaint. Plaintiff shall have 60 days from the date of this order to file an amended complaint.

As stated in Judge Baldwin's R&R, if Chapman chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint

is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Chapman should clearly title the amended pleading as "First Amended Complaint." For each claim, she must allege true facts sufficient to show that the Defendant discriminated against her. Chapman may not amend the complaint to add unrelated claims against other defendants.

**III. Conclusion**

It is therefore ordered that Judge Baldwin's R&R (ECF No. 4) is ADOPTED IN PART.

It is further ordered that Plaintiff's IFP application (ECF No. 1) is GRANTED.

It is further ordered that the Clerk FILE the complaint (ECF No. 1-1).

It is further ordered that Plaintiff may PROCEED with her ADA retaliation claim. Plaintiff's ADA claims for failure to accommodate and disparate treatment are DISMISSED without prejudice and with leave to amend.

It is further ordered that Plaintiff's motion for an extension of time (ECF No. 5) is GRANTED as to the filing of an amended complaint.

It is further ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies of her complaint, as outlined in this order and Judge Baldwin's R&R, **Plaintiff shall file the amended complaint by May 17, 2025.**

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff five blank copies of form USM-285.

IT IS FURTHER ORDERED that Plaintiff shall have 30 days to fill out the required USM-285 forms and send them to the U.S. Marshals Service. On the forms, Plaintiff must fill in defendants' last-known addresses.

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue summonses for the defendants.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the issued summonses, and the operative complaint (ECF No. ECF No. 25)

on the U.S. Marshals Service.

IT IS FURTHER ORDERED that upon receipt of the USM-285 forms, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendants.

IT IS FURTHER ORDERED that, within 90 days of today's order, the U.S. Marshals Service shall file the summonses returned as executed or a notice indicating why service has not been effectuated.

Dated this 18th day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE