1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

STEPHANIE T. CHAPMAN,

Plaintiff,

v.

NEVADA DEPARTMENT OF
TRANSPORTATION, *et al.*,

Defendants.

Case No. 3:25-CV-00061-ART-CLB

**ORDER GRANTING PLAINTIFF'S
MOTIONS TO WITHDRAW AND
DEFENDANTS' MOTION TO STAY
DISCOVERY**

[ECF Nos. 39, 40, 44]

Before the Court are two motions to withdraw as counsel filed by Plaintiff Stephanie Chapman's ("Chapman") current counsel, Joe Laub, (ECF Nos. 40, 44), as well as a motion to stay discovery filed by Defendants. (ECF No. 39). For the reasons discussed below, the motions to withdraw as counsel and motion to stay discovery are granted.

I.      **CHAPMAN'S MOTIONS TO WITHDRAW ATTORNEY**

First, Chapman's counsel, Joe Laub ("Laub"), filed two separate motions to withdraw as counsel. (ECF Nos. 40, 44.) In his first motion, Laub claims that he should be allowed to withdraw as counsel because he is "unable to continue representing Plaintiff" "due to the complexity of this case in consideration of [Laub's] current California and Nevada court calendars and case load." (ECF No. 40 at 3.) Attached to the motion is a declaration from Plaintiff indicating that she "consents" to Laub's withdrawal. (*Id*. at 7.)

In his second motion to withdraw, Laub claims that Chapman "terminated" his services after Laub appeared at the pre-Early Neutral Evaluation status conference. (ECF No. 44 at 2.)[1] Neither motion cites to the proper rules or controlling case law related to the withdrawal of counsel for the District of Nevada. (*See* ECF No. 40, citing almost exclusively to case law outside of the District of Nevada and "Local Rule LA 10-6(e)" and "Local Rule 83.3(f)(3)", neither of which exists in this district); *(see also* ECF No. 44, which

---

[1]    In his motion, Laub incorrectly refers to this hearing as the "case management conference." (ECF No. 44 at 2.)

1     also cites to a variety of out-of-state case law and asserts that the motion is made

2     pursuant to "Local Rule LA 10-6(e)" which does not exist in this district.)

3          However, pursuant to District of Nevada's Local Rule 11-6(b), if an attorney seeks

4     withdraw from a case after making an appearance, the attorney must provide proof that

5     he or she has served the motion to withdraw on the affected client and opposing counsel.

6     Thereafter, the affected client may file a response to the attorney's motion within "14 days

7     of the filing of the motion, unless the court orders otherwise." *Id*. Withdrawal will be

8     granted upon a showing of good cause. LR IA 11-6(e). Here, a declaration was attached

9     to Laub's first motion to withdraw that indicated her "consent" to Laub's withdrawal. (ECF

10     No. 40 at 6.) In the second motion to withdraw, Laub claims Chapman "terminated" his

11     services. (ECF No. 44 at 2.) Based on the above, the Court finds that no further response

12     is required of Chapman with respect to these motions pursuant to LR IA 11-6(b).

13     Moreover, the Court finds good cause for the withdrawal of Laub from this case.

14     Accordingly, the Court grants Laub's motions to withdraw. (ECF Nos. 40, 44.)

15          However, the Court is highly concerned with certain statements made in Laub's

16     first motion to withdraw related to his paralegal's ongoing assistance of Chapman in this

17     case that it must address. Specifically, the Court has grave concerns about Laub's

18     representation that he has "instructed [his] senior litigation paralegal to provide Plaintiff

19     with some basic but important information regarding court procedure, filing, and obtaining

20     access to her online case file." (ECF No. 40 at 9.) Because it is not entirely clear to the

21     Court the extent Laub's paralegal will assist Chapman in her pending litigation, the Court

22     must state that the unauthorized practice of law by a non-attorney is against the law and

23     subject to criminal penalties. *See* NRS 7.285; *Alexander v. Schriro*, 312 F. App'x 972, 975

24     (9th Cir. 2009) ("A paralegal [is] not authorized to practice law . . . ."); *see also In re*

25     *Dickerson*, No. 2:17-CV-02486-MMD-LRH, 2019 WL 6790651, at *3 (D. Nev. Dec. 12,

26     2019) (finding that a suspended attorney's work as a paralegal "crossed the line into the

27     unauthorized practice of law" where the individual "was performing . . . substantive legal

28     work); *In re Lerner*, 124 Nev. 1232, 1238 (2008) (noting that the practice of law is

1    "implicated whenever a person is faced with a legal issue that cannot be handled by resort

2    to routine forms or customs, and when the person makes the decision not to rely on his

3    or her own judgment but to obtain assistance from someone else, a stranger to the

4    situation"). Therefore, Chapman is advised that with the withdraw of Laub, she will be

5    proceeding *pro se* and is responsible for litigating this case. Therefore, Chapman is

6    advised that she must follow the Federal Rules of Civil Procedure and Local Rules for the

7    District of Nevada in the same as any other litigant or attorney as to all aspects of litigation.

8    *E.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "pro se litigants are

9    bound by the rules of procedure"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986)

10    (noting that a pro se litigant must follow the same rules of procedure that govern other

11    litigants).

12    **II.    DEFENDANTS' MOTION TO STAY DISCOVERY**

13        The Court now turns to Defendants' motion to stay discovery. (ECF No. 39.) To

14    determine if a stay is appropriate pending the ruling on a motion to dismiss, a court must

15    consider the following factors: (1) whether the pending motion is potentially dispositive of

16    the case; (2) whether the motion can be decided without additional discovery; and (3)

17    whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media*

18    *Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2] The Court must take a

19    "preliminary peek" at the merits of the underlying dispositive motion in order to find

20    whether the plaintiff can state a claim. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603

21    (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it

22    merely evaluates whether an order staying discovery is warranted. *Id*.

23        In conducting its review, the Court also considers the goal of Federal Rule of Civil

24    Procedure 1, which provides that the Rules should "be construed, administered, and

25

26    [2]    The undersigned follows the majority approach within the District when

27    adjudicating motions to stay discovery—i.e., the preliminary peek framework outlined in *Kor Media*—and expressly adopts the analysis from Judge Koppe's recent order in *Flynn v. Nevada*, 345 F.R.D. 338 (D. Nev. 2024), which rejects the minority "good cause"

28    approach.

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 512 (D. Nev. 2020).

Having reviewed all the factors set forth above and after conducting a "preliminary peek" of the underlying motion and the relevant pleadings and papers, the Court finds that a stay of discovery pending resolution of the motion to dismiss, is appropriate in this case. Defendants' motion to dismiss is potentially dispositive of all of Chapman's claims. (*See* ECF No. 23.) Defendants note the motion to dismiss is fully briefed and to date, Chapman has not sought discovery in any form. (*See id.* at 6.) Additionally, the Court finds a stay of discovery is appropriate to permit Chapman to seek new counsel, if she so desires, or prepare herself to proceed *pro se* before having to pursue discovery.

Accordingly, the Court grants Defendants' motion to stay discovery.

III.    **CONCLUSION**

**IT IS THEREFORE ORDERED** that the motions to withdraw as counsel, (ECF Nos. 40, 44), are **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery, (ECF No. 39), is **GRANTED**. In the event resolution of the motion to dismiss does not result in dismissal, the parties shall submit a joint proposed discovery plan within 14 days of resolution of the motion.

**IT IS FURTHER ORDERED** that in light of Laub's withdrawal as an attorney of record, the Show Cause Hearing set for Monday, September 22, 2025 at 1:00 p.m. is hereby **VACATED.**

**IT IS SO ORDERED.**

**DATED**: August 29, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**