UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEPHANIE CHAPMAN,

               Plaintiff,

v.

NEVADA DEPARTMENT OF
TRANSPORTATION, et al.,

               Defendants.

Case No. 3:25-cv-00061-ART-CLB

ORDER GRANTING MOTION TO
DISMISS (ECF No. 23)

Plaintiff Stephanie Chapman brings this action against Defendant Nevada Department of Transportation, Casey Sylvestor, Shina Ford, and Jae Puellen alleging violations of her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and Title VII of the Civil Rights Act. Plaintiff alleges in her First Amended Complaint that Defendants violated the ADA and retaliated against her in violation of Title VII. (ECF No. 10.) Before the Court is Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") (ECF No. 23). Plaintiff responded. (ECF No. 27.) Defendant replied. (ECF Nos. 29, 30.)

For the reasons identified below, the Court grants Defendant's motion to dismiss, with leave for Plaintiff to amend her complaint.

## I.    FACTS

Plaintiff alleges in her FAC that she was employed as a staff engineer at the Nevada Department of Transportation ("NDOT") from April 2023 until January 2024. (ECF No. 10 at 3.) She was supervised by Defendant Shina Ford and managed by Defendant Casey Sylvestor, who was overseen by Defendant Jae Pullen. (*Id.*) Plaintiff claims "after many instances of unfair discriminatory treatment noticed by other coworkers," she initiated a conversation with

1

Defendant Pullen on January 3. (*Id.*) Plaintiff says that Defendant Sylvestor "treated [her] subhuman" and that Defendants made "inappropriate requests for [her] medical information for [her] disabilities." (*Id.* at 3-4.) After speaking with Defendant Pullen, she alleges she was fired by Defendants Sylvestor and Ford in retaliation for speaking up about her experience. (*Id.* at 4.)

## II.   LEGAL STANDARD

### a. Insufficient Service of Process Under Federal Rule of Procedure 12(b)(4)-(5)

A court may dismiss a plaintiff's complaint for improper service of process under Fed. R. Civ. P. 12(b)(5). To survive dismissal under 12(b)(5), service must comply with all applicable rules of federal civil procedure, including Fed. R. Civ. P. 4. On a motion challenging the adequacy of service, the plaintiff bears the burden of establishing that service was valid under the federal rules. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### b. Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)

A court may dismiss a plaintiff's complaint for lack of subject matter jurisdiction under one of two theories: a facial attack or a factual attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Under a facial attack, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in the plaintiff's favor to determine whether they are sufficient as a matter of law to invoke the court's jurisdiction. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). If a court determines that it lacks subject matter jurisdiction, then its authority is limited to making that finding and dismissing the claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Sovereign immunity is jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

**c. Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678-79.

Allegations by a pro se litigant like Plaintiff are held to a less stringent standard than a formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, pro se litigants must still follow the same rules of procedure as other litigants, including Rule 8. *Maxon v. Mosaic Sales Sols. Holding Co. LLC*, No. 2:14-cv-02116-APG-NJK, 2016 WL 973248 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). To that end, the Court cannot look to prior pleadings or filings when considering the completeness of an amended complaint. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); *see also* LR 15-1 (requiring that an amended complaint "must be complete in and of itself without reference to the superseding pleading").

The standard for granting leave to amend from a dismissal for failure to state a claim is generous, such that "a district court should grant leave to amend even

if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 247 (9th Cir.1990)).

### III.   ANALYSIS

Defendant moved to dismiss Plaintiff's FAC on several grounds: (1) Plaintiff has failed to effect service on any Defendant and Defendant NDOT is improperly named in the Complaint and summons; (2) Plaintiff's claim under the ADA is subject to Eleventh Amendment immunity; (3) Plaintiff failed to administratively exhaust her claims; and (4) Plaintiff failed to plead with particularly as to her claims of discrimination and retaliation after being given leave to amend. (ECF No. 23 at 4.) Defendants argue that discretionary act immunity also applies to Plaintiff's ADA and Title VII claims, but this is incorrect; discretionary act immunity is only available for Nevada state law claims, not ADA and Title VII claims. *See Loggins v. Las Vegas Metropolitan Police Department,* No. 2:14-cv-01743-GMN-CWH, 2016 WL 5791543, at *4 (D. Nev. Sept. 30, 2016) ("discretionary act immunity statute only protects state and municipal agencies against state-law causes of action").

The Court will first address insufficient service, then Plaintiff's claims under Title I of the ADA, then Plaintiff's claims under Title VII of the Civil Rights Act.

### a.  Insufficient Service of Process Under Federal Rule of Procedure 12(b)(4)-(5): All Defendants

Defendants argue that dismissal is warranted because they were not properly served under the Federal Rules of Civil Procedure. A federal court may not exercise personal jurisdiction over a defendant who has not been served in accordance with the Rules.

According to Federal Rule of Civil Procedure 4(g)(2), state agencies like

NDOT can be served one of two ways. The first way a plaintiff can sue a defendant state agency is by "delivering a copy of the summons and of the complaint to [their] chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). The "chief executive officer" of both the Nevada Department of Administration and the Nevada State Department of Transportation is the governor of the State of Nevada. *Uranga v. Adams*, 2011 WL 147909, at *4 (D. Nev. 2011) ("A state-created governmental organization must be served by service on the chief executive officer (the governor) ...."); *Hamer v. Nevada Department of Employment, Rehabilitation and Training*, 2018 WL 1567850, at *2 (D. Nev. 2018) (Dismissing complaint against state agency because plaintiff could not prove he served the state's governor); *Bey v. Nevada*, 2019 WL 4784604, at *3 (D. Nev. 2019) ("Under [Fed. R. Civ. P. § 4(j)(2)(A)], service may be effected by serving the summons and complaint on the current governor."); *Morgan v. Nevada ex. rel. Department of Business and Industry*, 2021 WL 3185776, at *2 (D. Nev. 2021) (holding that Fed. R. Civ. P. § 4(j)(2)(A) requires plaintiffs to serve the state governor and not the heads of the defendant state agencies). Because Plaintiff has not provided proof that she served the Nevada state Governor, she has not affected service under section 4(j)(2)(A).

The second way a plaintiff can serve state agency defendants is by complying with that state's service laws. Fed. R. Civ. P. 4(j)(2)(B). Under Nevada law, a plaintiff suing a state agency must serve both the Nevada Attorney General and the "administrative head of the named agency." NRS § 41.031(2)(a)-(b). To serve the Nevada State Department of Transportation, a plaintiff must serve the Attorney General, the head of the agency, *and* the Governor of Nevada. *Id.*; NRS 408.116(1).

Plaintiff served a designated legal representative of the Nevada Department of Transportation but has not served the Attorney General nor the Governor of Nevada. (ECF 16.) She has therefore not properly served the NDOT. Plaintiff also

incorrectly named the Defendant "State of Nevada Department of Transportation." Should Plaintiff choose to serve the entity going forward, it should be named State of Nevada, *ex rel.* Department of Transportation. NRS 41.031(2).

As for the remaining Defendants, where a person is subject to suit in dual capacities as an individual and an official, "personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant" in their capacity as an individual. *Romero v. Washoe County*, 2013 WL 1955887, at *1 (D. Nev. May 10, 2013) (quoting *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987)). To serve an individual under Federal Rule of Civil Procedure 4(e), a plaintiff can deliver a copy of the summons and the complaint to the individual personally, leave a copy of each at their dwelling, or deliver a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C). The rule is the same under Nevada law. Nev. R. Civ. P. 4.2(a).

Plaintiff's service on Defendants Sylvestor, Ford, and Pullen was defective because Plaintiff served them through an unauthorized agent at their place of employment. *See Romero*, 2013 WL 1955887 at *2.

Because Plaintiff has not properly served any Defendant, dismissal of her claims is proper.

### b. Title I of the ADA

Defendants argue Plaintiff's claims under Title I of the ADA must be dismissed because they are barred by the Eleventh Amendment, or in the alternative, were not properly exhausted. Additionally, they argue that Plaintiff's ADA claim cannot be brought against individuals in their personal capacity. The Court agrees and dismisses Plaintiff's ADA claims.

### i. Eleventh Amendment Sovereign Immunity

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state," including "suits naming state agencies

and departments as defendants, and [it] applies whether the relief sought is legal or equitable in nature." *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Nevada has not waived its Eleventh Amendment immunity. NRS 41.031(3). While some statutes abrogate sovereign immunity, the Supreme Court has held that Title I of the ADA, which prohibits employers, including states, from discriminating against qualified individuals with disabilities in their employment practices, does not. *Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001). Sovereign immunity does not bar Title I suits against state officials for prospective injunctive and declaratory relief. *Id.* at 374, 121 S.Ct. 955 fn. 9; *see also Ex parte Young,* 209 U.S. 123 (1908).

Plaintiff does not request prospective injunctive or declaratory relief against any Defendant, only money damages. (ECF No. 10 at 6.) Therefore, the Court dismisses Plaintiff's ADA claim against Defendants NDOT and Sylvestor, Ford, and Pullen in their official capacities to the extent that she only requests money damages.

### i.  Exhaustion of Administrative Remedies

Even if Plaintiff was seeking injunctive or declaratory relief, she must still prove that she exhausted her administrative remedies to bring a claim. To bring an ADA claim in district court, a plaintiff must first exhaust her administrative remedies. 42 U.S.C. §12117; *see also Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)). This requires a plaintiff to file a complaint with the EEOC within 180 days of any alleged unlawful employment practice, 42 U.S.C. § 2000e-5(e)(1); *see Laquaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1174 (9th Cir. 1999). If the EEOC finds that suit is warranted, it will issue a right-to-sue letter, which gives the plaintiff the authority to bring her suit in federal court. Any suit must be brought "within ninety days from the issuance of the right to sue letter by the EEOC," *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir. 1986), and any complaint in federal

court must be sufficiently tied to the issues raised in the complaint to the EEOC, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (citations omitted) (Federal courts may only consider claims "like or reasonably related to the allegations contained in the EEOC charge."). Because the exhaustion requirements under Title VII and the ADA are "mandatory" claims processing rules, a court "must enforce" them if a party "properly raise[s] [them]." *See Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849, 1851 (2019) (citations omitted). If a claim is found to be unexhausted, and Plaintiff cannot possibly cure the deficiencies, it is proper for the court to dismiss those claims with prejudice. *Zeddies v. Clark Cnty. Sch. Dist.*, No. 2:20-cv-00477-GMN-NJK, 2021 WL 181172 at *5; *see also McKimmey v. Du-Par's Resorts, Inc.*, 2015 WL 3815510 at *2 (holding where plaintiff fails to exhaust administrative remedy for Title VII claim, leave to amend is futile and dismissal with prejudice is proper).

Defendants argue that because Plaintiff has failed to attach the charging document or factual allegations as to the contents of the charging document, the court cannot determine whether she exhausted her remedies on each charge of the complaint. (ECF No. 23 at 9.) Plaintiff attaches a right-to-sue letter from the EEOC, but makes no other allegations related to the exhaustion of her administrative remedies. (ECF No. 10 at 13.) She does not indicate when she filed her complaint with the EEOC or what exactly she complained of. Without these facts, the Court cannot determine whether the statutory requirements of the ADA have been satisfied or whether it has jurisdiction over her claims. Therefore, Plaintiff's ADA claim is dismissed.

### ii. Individuals in Their Personal Capacity

Finally, individual defendants cannot be held personally liable for violations of the ADA. *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033 (9th Cir. 2006). Therefore, Plaintiff's ADA claims against Defendants Sylvestor, Ford, and Pullen in their individual capacity is dismissed with prejudice and without

leave to amend.

### c. Title VII of the Civil Rights Act

Defendants argue that Plaintiff's Title VII claim should be dismissed because she has not exhausted her administrative remedies nor pled sufficient facts to state a Title VII claim. (ECF No. 23 at 10.) Additionally, Defendants state that Sylvestor, Ford, and Pullen cannot be sued in their individual capacities under Title VII. (*Id.* at 11.) The Court agrees and dismisses Plaintiff's Title VII claims.

### i. Exhaustion of Administrative Remedies

The same analysis applies to the exhaustion of remedies under Title VII as the ADA. *See* 42 U.S.C. § 2000e–5(e)(1) (stating exhaustion requirements). Therefore, because Plaintiff has also made no other allegations related to the exhaustion of her Title VII claims, they are dismissed.

### ii. Individuals in Their Personal Capacity

Finally, individual defendants cannot be held personally liable for violations of Title VII. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Therefore, Plaintiff's Title VII claim against Defendants Sylvestor, Ford, and Pullen in their individual capacity is dismissed with prejudice and without leave to amend.

In light of its dismissal on these grounds, the Court declines to reach Defendants' other arguments that Plaintiff's claims are subject to dismissal for failure to state a claim under Federal Rule of Procedure 12(b)(6).

The Court advises Plaintiff that if she wishes to amend her complaint, she is advised that a second amended complaint will replace her amended complaint and must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). For each claim, she must allege true facts sufficient to show that the Defendants discriminated against her. Plaintiff shall have until April 1, 2026, to file her amended complaint.

## IV.   CONCLUSION

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 23) is GRANTED.

It is further ordered that Plaintiff's claims under Title I of the ADA and Title VII against Defendants Sylvestor, Ford, and Pullen in their individual capacities are DISMISSED WITH PREJUDICE and without leave to amend.

It is further ordered that Plaintiff's claims under Title I of the ADA against Defendants NDOT, Sylvestor, Ford, and Pullen in their official capacities is DISMISSED WITHOUT PREJUDICE and with leave to amend to request injunctive or declaratory relief.

It is further ordered that Plaintiff's claims under Title VII against Defendants NDOT and Sylvestor, Ford, and Pullen in their official capacities are DISMISSED WITHOUT PREJUDICE and with leave to amend.

Dated this 3rd day of March, 2026.


_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE