**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

STEPHANIE T. CHAPMAN,

Plaintiff,

v.

NEVADA DEPARTMENT OF TRANSPORTATION, *et al.*,

Defendants.

Case No. 3:25-CV-00061-ART-CLB

**ORDER REGARDING COUNSEL OF RECORD**

[ECF Nos. 48, 49]

This order concerns the Second and Third Amended Complaints filed by Plaintiff Stephanie Chapman ("Chapman") through the CM/ECF account for attorney Joe Laub ("Laub"). (ECF Nos. 48, 49.) Before discussing the problematic nature of these filings, the Court will outline the procedural history of this case.

Chapman initiated this lawsuit *pro se* on January 30, 2025, by filing an application to proceed *in forma pauperis* ("IFP"), (ECF No. 1), along with a proposed complaint. (ECF No. 1-1.) The Court granted her application to proceed IFP and screened her complaint. (ECF No. 6.) Ultimately, the Court allowed Plaintiff to proceed with an ADA retaliation claim and granted Plaintiff leave to amend her complaint to assert additional claims. (*Id.*) Plaintiff filed her amended complaint and proceeded to serve Defendants Nevada Department of Transportation, Casey Sylvestor, Jae Pullen, and Shina Ford. (ECF Nos. 10, 16-19.)

On June 2, 2025, Defendants moved to dismiss the complaint. (ECF No. 23.) The following day, the Court entered its standing order, (ECF No. 25), and filed an order directing the parties to file a "Joint Case Management Report" by no later than Friday, July 18, 2025. (ECF No. 26.)

On June 17, 2025, attorney Laub filed a "notice of appearance" on behalf of Plaintiff, (ECF No. 28), and filed a "memorandum to motion to dismiss" in response to Defendant's motion to dismiss. (ECF No. 27.)

The parties failed to file a joint case management report on or before July 18, 2025, as directed by the Court's previous order. Rather, Defendants filed their own case management report detailing their efforts to finalize the joint case management report with Laub prior to filing their own report. (ECF No. 33.) Based on Defendants' representation, it appeared that a draft of the joint report was sent to Laub on July 17 and no response was received, despite subsequent emails and calls to his office reminding him of the deadline. (*See id.* at 1.) Laub then filed his own case management report, which acknowledged his failure to respond in time for the joint report to be filed. (ECF No. 34.) In direct contravention to the Rules of Civil Procedure, the Local Rules of the District of Nevada, and the Court's Standing Order, both reports claimed that the parties unilaterally agreed – without leave of court – to "stay" discovery pending the determination on the motion to dismiss. (See ECF Nos. 33, 34.)

After reviewing the parties' case management reports, the Court determined that a case management conference should be held – in person – on August 12, 2025 at 10:00 a.m. (ECF No. 35.) Laub failed to appear for the hearing. (ECF No. 36.) As a result, the Court indicated that it would issue an order to show cause ("OSC") why Laub should not be sanctioned for failing to appear. (*Id.*) The Court issued the OSC, which was served by the United States Marshal's, and a hearing on the OSC was set for September 22, 2025 at 1:00 p.m. (ECF Nos. 37, 38.)

On August 20, 2025, Laub filed a motion to withdraw as counsel in this case. (ECF No. 40.) Laub claimed his withdrawal was required due to the "complexity of the case in consider (sic) of Mr. Laub's current California and Nevada Court calendars and case load." (*Id*. at 3.) In short, Laub acknowledged he simply could not handle this case considering his other case obligations. (*Id.*) This motion failed to properly cite the controlling rules or case law applicable to the District of Nevada for the withdrawal of counsel and instead relied upon the non-controlling California Rules of Professional Conduct and district court orders from other districts. (*See id.*)

One week later, Laub filed a second motion to withdraw claiming that Plaintiff

2

terminated his services on August 22, 2025 following the pre-ENE status conference.[1] (ECF No. 44.) This time Laub claimed Plaintiff "requested [Laub] perform no additional work, provide no further legal services, or charge any additional fees and costs." (*Id*. at 2). This motion, like the first, failed to properly cite the controlling rules or case law applicable to the District of Nevada for the withdrawal of counsel and instead relied upon the non-controlling ABA Rules, California Rules of Professional Conduct, and district court orders from other districts. (*See id.*) Despite these improprieties, the Court ultimately granted Laub's motions to withdraw and vacated the OSC hearing. (ECF No. 46.) At this point, Laub was terminated from the case and Plaintiff was again proceeding *pro se*. It is important to note that Plaintiff was <u>not</u> granted leave to file any documents electronically using the Court's CM/ECF system.

On March 3, 2026, the Court granted Defendants' motion to dismiss with leave to amend as to certain claims. (ECF No. 47.) The Court set a deadline to file an amended complaint of April 1, 2026. (*Id*. at 9.) On April 1, 2026, Plaintiff filed a Second AND Third Amended Complaint electronically via the Court's CM/ECF system under the online filing account for "Joe Laub." (See ECF Nos. 48, 49.) Although these documents are allegedly electronically signed by Plaintiff, this does not comply with the Court's Local Rules. Pursuant to the Local Rules for the District of Nevada, "the filing of a document through the use of an authorized filer's login and password constitutes the 'signature' of that attorney or party for purposes of Fed. R. Civ. P. 11." LR IC 2-1(i). Thus, by filing these complaints through his authorized filer account, Laub signed these documents for purposes of the Local Rules for the District of Nevada and Rule 11. Consequently, Laub has again made an appearance as an attorney of record in this case – in *direct contradiction* to his previous representations to this Court.

Based on the above, the Court finds that Laub's filing of the Second and Third

---

[1]    Laub incorrectly states in his motion that he appeared at the Case Management Conference on behalf of Chapman. (ECF No. 44 at 2.) As outlined above, Laub failed to appear at the Case Management Conference. (ECF No. 36.) Rather, Laub appeared at a pre-ENE status conference. (ECF No. 43.)

Amended Complaints, which are signed by Laub pursuant to the Local Rules and Federal Rules of Civil Procedure, constitutes his appearance in this case as counsel of record. Therefore, the Clerk's office is ordered to remove the flag indicating that Laub was terminated from the case and reassign him as counsel of record.

The Court will separately issue an order to show cause why Laub should not be sanctioned for his actions in this case, including and not limited to his misrepresentations to this Court regarding his termination by Plaintiff from this matter, his inability to handle this case due to its "complexity" and the constraints on his time, and his failure to follow the Court's rules and orders. Plaintiff and counsel for Defendants will be ordered to appear at the show cause hearing as well.

**IT IS THEREFORE ORDERED** that the Clerk's Office modify the docket to reflect that Laub is no longer terminated and reinstate him as counsel of record for Plaintiff.

**DATED**: April 8, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**

4